# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 09-530V
**Filed: November 30, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| VINCENT F DIFAZIO, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | Decision on Damages Proffer; |
| v. | * | Tetanus Vaccine; Brachial Neuritis. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

Franklin J. Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On August 12, 2009, Vincent F. DiFazio ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of a tetanus vaccine administered on August 17, 2006, he suffered brachial neuritis ("BN"). Respondent contested that Petitioner received a vaccine because no medical or other documentary evidence showed that Petitioner received a tetanus vaccine on August 17, 2006. A fact hearing was convened on January 9, 2014. After hearing the testimony, the undersigned found that Petitioner had been administered a tetanus vaccine as alleged. Based on this finding, Respondent conceded that Petitioner was entitled to compensation as, according to Respondent, Petitioner had demonstrated that he suffered from BN within twenty-eight days of receiving the tetanus vaccine. *See* Respondent's Report at 2, filed Jan. 31, 2014.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Special masters may determine whether a petitioner is entitled to compensation based on the record. A hearing is not required. 42 U.S.C. § 300aa-13; Vaccine Rule 8(d). Based on Respondent's recommendation in favor of compensation and a review of the record as a whole, the undersigned found Petitioner was entitled to compensation. Accordingly, a damages order was issued on February 3, 2014, encouraging the parties to informally resolve the elements of Petitioner's damages.

Despite their best efforts, the parties reached an impasse in resolving Petitioner's damages. A damages hearing was held on October 12 and 13, 2016. On October 13, 2016, the parties notified the undersigned that based on the testimony and the undersigned's preliminary factual findings, they believed they could reach an agreement on damages. Accordingly, the parties were ordered to file a proffer on damages once they were in agreement.

On November 29, 2016, Respondent filed a proffer on an award of compensation, indicating that the parties recommended compensation in the form of a lump sum payment and future annuity payments. Particularly, Petitioner has agreed to compensation in the amount of $1,640,000.00 for all compensatory damages available under 42 U.S.C. § 300aa-15(a), and an amount sufficient to purchase an annuity contract from a life insurance company meeting the criteria described in footnote 3 of the proffer, from which payments will be made to Petitioner as described in paragraph B.1 of the proffer. The parties' proffer is attached hereto as Appendix A.

Pursuant to the terms in the attached proffer, the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):

1. **A lump sum payment of $1,640,000.00 in the form of a check payable to Petitioner, Vincent F. DiFazio; and**

2. **An amount sufficient to purchase an annuity contract from a life insurance company meeting the criteria described in footnote 3, to provide the benefits described as follows: Beginning as soon as practicable after the entry of judgment, $13,515.00 per month for 30 years certain and life thereafter.**

The undersigned approves the requested amounts for Petitioner's compensation. Accordingly, an award should be made consistent with the proffer. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' proffer.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| VINCENT F. DIFAZIO,<br><br>                    Petitioner,<br><br>          v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | No. 09-530V<br>Special Master Hamilton-Fieldman |

## RESPONDENT'S PROFFER OF DAMAGES

**I.     Items of Compensation and Form of Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a combination of a lump sum payment and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

A.  A lump sum payment of $1,640,000.00, representing all compensatory damages available under 42 U.S.C § 300aa-15(a), except as described in paragraph B, in the form of a check payable to petitioner, Vincent F. DiFazio.

B.  For all remaining compensatory damages available under 42 U.S.C § 300aa-15(a), an amount sufficient to purchase an annuity contract,[2] subject to the conditions described below,

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

that will provide payments to Vincent F. DiFazio as set forth below in paragraph B.1., paid to the life insurance company[3] from which the annuity will be purchased.[4]

      B.1.    Beginning as soon as practicable after the entry of judgment, $13,515.00 per month for 30 years certain and life thereafter.

The payments provided for in this paragraph B.1. shall be made as set forth above. Should Vincent F. DiFazio predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to his estate or to his designated beneficiary. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of Vincent F. DiFazio's death. Petitioner agrees.[5]

---

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | BENJAMIN C. MIZER |
|  | Principal Deputy Assistant Attorney General |
|  |  |
|  | C. SALVATORE D'ALESSIO |
|  | Acting Director |
|  | Torts Branch, Civil Division |
|  |  |
|  | CATHARINE E. REEVES |
|  | Acting Deputy Director |
|  | Torts Branch, Civil Division |
|  |  |
|  | HEATHER L. PEARLMAN |
|  | Assistant Director |
|  | Torts Branch, Civil Division |
|  |  |
|  | */s/Darryl R. Wishard* |
|  | DARRYL R. WISHARD |
|  | Senior Trial Attorney |
|  | Torts Branch, Civil Division |
|  | U. S. Department of Justice |
|  | P.O. Box l46, Benjamin Franklin Station |
|  | Washington, D.C.  20044-0146 |
|  | Direct dial: (202) 616-4357 |
| Dated:  November 29, 2016 | Fax: (202) 616-4310 |